## AUGUST KŒNIG
### v.
## DAVID HADDIX.

*Party Walls—Presumption as to Ownership—Promise, Unsupported by
Consideration, Void.*

1. Where, before either of two adjoining owners acquired his interest, a
wall was built on the line separating two lots owned by them, and it does
not appear when, by whom, or on what terms it was erected, the presump-
tion is that it belongs to such adjacent owners, each having acquired an in-
terest in it free from any obligation to contribute to the other.

2. A promise by one of such owners to the other, made under a mutual
mistake as to the location of the wall, which was in fact located on the line,
is void, being without consideration.

[Opinion filed May 21, 1886.]

APPEAL from the County Court of Morgan County; the
Hon. M. T. LAYMAN, County Judge, presiding.

Mr. OSCAR A. DELEUW, for appellant.

This court can not judicially determine which survey was, or is now, correct.

There was a valid agreement to pay for half of the wall as a party wall, and the court below erred in disallowing the plaintiff's claim.   Husk v. Flentye, 80 Ill. 258.

The judgment of the County Court was clearly against the weight of the evidence and the law, and its judgment should be reversed. · Sanders v. Martin, 2 Lea, 213.

Messrs. MORRISON & WHITLOCK, for appellee.

Even if the construction of the wall partly on the Haddix lot, or what is now the Haddix lot, would have given the owner of the Kœnig lot at the time the wall was constructed the right to compel contributions, that right did not pass to Mr. Kœnig under the sale made by the Sheriff, at which he purchased.   Holden v. Gibson, 16 Ill. App. 411, and the cases there cited.

If there ever was any implied agreement to pay for the wall when it should be used by the occupant of the Haddix lot for the purpose of a building on the same, it was one personal to the parties, and not one which passed by deed to the grantee of the Haddix lot.

The case was tried by the court, sitting as a jury, and that court had the witnesses present, and was better able to judge of the weight to be given to the evidence of Baldwin than this court can be.   And in such cases, the evidence being conflicting, the court will not reverse, unless the finding is manifestly against the evidence; this can not be said to be the case here.

Besides, there was no consideration for such a promise, if made as detailed by Baldwin at the time mentioned.

PLEASANTS, J.  These parties owned adjoining lots in Jacksonville.   On appellant's was a brick building, erected before he bought, in 1879.   On appellee's, when he bought in 1884, were some straggling shanties which he at once removed with a view to the erection of a brick building, and the work was

begun in April, 1885, under Montgomery as contractor. When the foundation was about completed, appellant told Montgomery he must have pay for the one-half of his north wall if they were going to join on it. Montgomery told appellee, who directed him to get a survey made. This was done by the County Surveyor, and it showed that appellant's lot extended five inches beyond the wall. Appellee went with Montgomery to see appellant, informed him of the survey and its result, and thereupon offered to pay him $125, in thirty days, for the use of his north wall as a party wall. Appellant agreed to this, and the work proceeded. On the following day appellant told Montgomery that he did not understand he was to give appellee this strip of five inches besides the wall. Montgomery said he supposed it was fully understood, and that appellee had just gone East on the Decatur Accommodation. Appellant said he didn't think the surveyor understood his business anyhow, and that he must have pay for the ground. Montgomery then said something must be done at once, and suggested that Prof. Crampton be secured to make the survey, to which appellant agreed. Crampton was seen, but on coming down with his instruments and learning which lot was to be surveyed said it was of no use as he had surveyed it March 15, 1884, for Berkheiser, the then owner of appellee's lot, and that it included four and a half inches of this wall on the south, and eight inches of another on the north line.

Montgomery and Crampton went together to appellant and informed him of what this survey showed, upon which he said it was all right, and told Montgomery to go ahead with the work.

The wall was accordingly so used, and is worth the money claimed for it, but when appellee returned and learned these facts he refused to pay, whereupon this suit was brought.

The declaration is in *indebitatus assumpsit*, to which the general issue was filed. On the trial, which was by the court without a jury, the finding and judgment were for the defendant, and exceptions and appeal were duly taken.

The above statement is an abstract of the testimony of Montgomery, who was produced as a witness by the plaintiff.

It was disputed in no particular, and covers all the ground in the case.

We presume the court considered the comparative merits of the two surveys, and upon the evidence found in favor of Crampton's, from which it would seem that the wall in question, as well as the one on the north line, was intended for a party wall. When, by whom or on what terms they were erected does not appear, but both are partly on appellee's lot, and were built before either of the parties acquired his interest. The presumption is that they belonged respectively to the owners of the adjacent lots in common. Appellant by his deed got no title to the four and a half inches on appellee's side of the line, nor can it be presumed that his predecessor in title had any unsatisfied claim for contribution against appellee's, nor, if he had, that it passed to appellant or against appellee. The promise sued on, having been made under a mutual mistake of a material fact and without any real consideration, is therefore not obligatory.

*Judgment affirmed.*